ALBERTA TAYLOR, Petitioner, *v.* EDWARD TAYLOR, Respondent.

Domestic Relations Court of City of New York, Family Court Division, New York County, September 20, 1937.

---

* 161 Misc. 358.

*Jane Bolin, Assistant Corporation Counsel,* for the petitioner.

*Cornelius McDougald, Jr.,* for the respondent.

PANKEN, J. This case presents a problem for solution and determination.

The law, prior to 1933, recognized a common-law relationship as a valid marriage if parties intended that to be so and held themselves out to their friends and publicly to be husband and wife. Invariably, when a falling out occurs between a man and a woman who have embarked upon such a relationship, there is sharp conflict of the evidence and a sharp difference in the testimony as to the acts of the parties from which such a relationship might be found to be established.

The uncontrovered facts, in so far as they are pertinent to a determination of the issue in this case are as follows:

The petitioner and respondent have lived together in intimate relationship since 1930.

Only on one occasion did the parties to this proceeding hold themselves out to be husband and wife. That was sometime in the month of February, 1933. Such introduction was made prior to April, 1933, when by act of the State Legislature (Dom. Rel. Law, § 11, as amd. by Laws of 1933, chap. 606), common-law marriages were no longer to be recognized as valid marriages in the State of New York.

Subsequent to April, 1933, both the respondent and the petitioner may have held themselves out to be husband and wife. That, however, was without any force and had no effect. Nothing that had occurred subsequent to the effective day of the law of 1933 bearing upon the validity of common-law marriages has any value.

The petitioner testified that she had been introduced by the respondent as his wife and that each held the other out to be the conventional wife or husband of the other. Such introduction by one or the other as husband or wife can be given legal effect only if the parties had intended to be husband and wife and live as such.

A mere introduction of the person as husband or wife does not and would not establish a common-law marriage. If a woman were to introduce a gentleman with whom she lives or in whose company she is found as her husband, and even though he does not deny her statement, that of itself would not establish the marriage relationship contemplated in the laws that existed prior to 1933. Something beyond that is necessary to establish a common-law relationship which will be recognized in law as a valid common-law marriage. The parties must intend to be husband and wife. It must be based on a promise and the acceptance of the same. Marriage is a contractual relationship under such circumstances. There must, therefore, be an intent to establish the relationship and consummate the marriage.

In this case there has been no intent on the part of the parties to enter upon such a relationship even though that relationship had been consummated from which a common-law marriage might be spelled out. The parties brazenly testified to their relationship and its inception and it has been brazenly testified to by the sister of the respondent. The petitioner, in her testimony, said that when she took up the intimate relationship with the respondent, it was understood between them that it should last only as long (paraphrasing her language) as it pleased them; as soon as the situation no longer pleased them, it was to come to an end. All that can be spelled out from the testimony submitted is at best, or call it at worst, a " trial marriage." " Trial marriages " are not recognized in law in our jurisdiction and no common-law marriage can be predicated upon an agreement to enter into a " trial marriage."

The petitioner cannot now ask that the agreement she had entered into with the respondent shall be found to be a common-law marriage upon which she might predicate claims for the enforcement of obligations that a spouse owes to his wife.

There has been testimony submitted as to an occurrence in the city of Boston, in the State of Massachusetts. Both petitioner and respondent were in that city apprehended. In the city of Boston the respondent evinced a willingness to marry the petitioner. She at that time refused to do so. She postponed the marriage until her return to the city of New York. Upon her return to the

city of New York, no marriage took place. The occurrence in Boston, Mass., militates against a finding that the relationship between the petitioner and respondent constituted a common-law marriage.

Petitioner and respondent continued to live together until the 31st day of May, 1937. On that day the petitioner discovered that the respondent had legally married another woman on or about the 5th day of May, 1937. The conduct of the respondent is reprehensible. It is not only cheap, anti-social and immoral, but it is the conduct of a human being devoid of any sense of decency or respect for himself or others. He continued to live with his inamorata from the 5th of May, 1937, to the 31st day of May, 1937, though he had married another lady on the former date and might have continued to do so beyond the latter date had his marriage remained undiscovered by the inamorata. He did not tell the truth. His marriage on the 5th of May, 1937, is in line with his character.

Under our law, the indecent, and the immoral and the anti-social, are entitled to protection of the law. One cannot go outside of the law to make a finding.

The evidence is abundant to show that when the petitioner and respondent were in Boston they did not consider themselves married. The occurrence in February, 1933, when they held themselves out to be husband and wife to one of the witnesses, whose testimony I believe, is not adequate on which to predicate a finding of a valid common-law marriage. They held themselves out to be husband and wife for no other reason but to fool the witness into giving them employment.

A meretricious relationship entered upon by both parties with open eyes is like quicksand. It will not support a common-law marriage. The petitioner got what she bargained for — a " trial marriage."

I must, therefore, find that the petition for support will not lie. Dismissed.